IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRYAN THOMAS, IDOC # R12763,       )
                                   )
         Plaintiff,                )
                                   )
vs.                                )   CIVIL NO. 11-211-GPM
                                   )
GLADYSE TAYLOR, et al.,            )
                                   )
         Defendants.               )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Bryan Thomas, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of four years' imprisonment at the Robinson Correctional Center ("Robinson") for attempted burglary, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by persons acting under color of state law. This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Thomas's pro se complaint, Thomas currently is pursuing an action for an alleged denial of his constitutional right of religious freedom by IDOC personnel at Robinson; the Court infers that the action in question is *Thomas v. Taylor*, Civil No. 11-240-GPM (S.D. Ill. filed Mar. 25, 2011). Thomas claims that on March 10, 2011, he was instructed by one Mrs. Gunn (apparently an IDOC employee at Robinson) that he, Thomas, must keep all of his legal correspondence in a box in the storage room of the prison law library at Robinson. According to Thomas, this means that he can only work on Civil No. 11-240-GPM during the hours when the prison law library is open. Thomas complains also that prison officials are denying him access to a photocopier. Thomas contends that IDOC personnel are depriving him of access to the courts, and seeks a temporary restraining order ("TRO") or an injunction to ensure that his right of access to the courts is not infringed. Named as Defendants in the case are Gladyse Taylor, the acting director of the IDOC, Randy Grounds, the warden at Robinson, Dana Tylka, the assistant warden of programs

at Robinson, Patt (sic) Quinn, the governor of Illinois, James Mutayoba, the chaplain at Robinson, and Pamella King, the grievance officer at Robinson.

As an initial matter, the Court notes the standard under which it must evaluate a request for a TRO or an injunction. In general, of course, both a TRO and an injunction are extraordinary and drastic remedies that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999); *YourNetDating, Inc. v. Mitchell*, 88 F. Supp. 2d 870, 871 (N.D. Ill. 2000). Five factors figure into the determination of whether a TRO or a preliminary injunction should be granted. As a threshold matter, the plaintiff must show (1) a likelihood of success on the merits, (2) irreparable harm if a TRO or a preliminary injunction is denied, and (3) the inadequacy of any remedy at law. *See Doe v. Village of Crestwood, Ill*., 917 F.2d 1476, 1489 (7th Cir. 1990); *National People's Action v. Village of Wilmette*, 914 F.2d 1008, 1010-11 (7th Cir. 1990); *Roland Mach. Co. v. Dresser Indus., Inc*., 749 F.2d 380, 385-88 (7th Cir. 1984). Once this threshold showing is made, a court then must balance (4) the harm to plaintiff if the TRO or preliminary injunction were wrongfully denied against the harm to the defendants if the TRO or injunction were wrongfully granted, and (5) the impact on persons not directly concerned in the dispute (the "public interest"). *See Platinum Home Mortgage Corp. v. Platinum Fin. Group, Inc*., 149 F.3d 722, 726 (7th Cir. 1998); *Zurich Am. Ins. Co. v. Superior Court for Cal., County of Los Angeles*, 200 F. Supp. 2d 929, 933 (N.D. Ill. 2002) (citing *Cooper*, 196 F.3d at 813). A grant or denial of a TRO or a preliminary injunction is committed to a court's discretion. *See Meridian Mut. Ins. Co. v. Meridian Ins. Group, Inc*., 128 F.3d 1111, 1114 (7th Cir. 1997); *Cox v. City of Chicago*, 868 F.2d 217, 219 (7th Cir. 1989).

The Court has no difficulty concluding that Thomas has failed to meet the burden of proof required for a grant of equitable relief in this case. In the first place, Thomas makes no allegations showing how Taylor, Grounds, Tylka, Quinn, Mutayoba, and King have been involved in supposedly depriving Thomas of access to courts. The only person alleged by Thomas to have circumscribed his access to courts is Mrs. Gunn, who is not a party to this case. However, 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). *See also Burks v. Raemisch*, 555 F.3d 592, 593, 596 (7th Cir.2009) (citing *Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978)) (stating that "Section 1983 does not establish a system of vicarious responsibility" and thus "public employees are responsible for their own misdeeds but not for anyone else's."); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)) ("The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"). Absent allegations by Thomas showing that Taylor, Grounds, Tylka, Quinn, Mutayoba, and King have been personally involved in depriving Thomas of access to courts, Thomas's claim must fail.

As a further matter, Thomas obviously has failed to state a claim for a deprivation of access to courts where he alleges only that IDOC personnel have restricted him to working on Civil No. 11-240-GPM during hours when the prison law library at Robinson is open. "The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to

the courts without undue interference. The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The purpose of the right of access is to enable "a prisoner complaint [to] set forth a nonfrivolous claim meeting all procedural prerequisites, since the court may pass on the complaint's sufficiency before allowing filing in forma pauperis and may dismiss the case if it is deemed frivolous." *Bounds v. Smith*, 430 U.S. 817, 826 (1977). "An inmate needs legal research or advice in order 'to make a meaningful initial presentation of his claims to a trial court.'" *Campbell v. Miller*, 787 F.2d 217, 229 (7th Cir. 1986) (quoting *Bounds*, 430 U.S. at 828) (brackets omitted). "Prisoners must receive 'that quantum of access to prison libraries – not total or unlimited access – which will enable them to research the law and determine what facts may be necessary to state a cause of action.'" *Brooks v. Buscher*, 62 F.3d 176, 179 (7th Cir. 1995) (quoting *Hossman v. Spradlin*, 812 F.2d 1019, 1021 (7th Cir. 1987)). Said differently, "[t]here is no 'right to browse'; prison inmates are not constitutionally entitled to unfettered direct access to law libraries. Prisoners are instead entitled to 'meaningful' access to the courts." *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 323 (7th Cir. 1995) (quoting *Hossman*, 812 F.2d at 1021). Here Thomas does not allege that he has been denied all access to the law library at Robinson, and in fact he has been able to prepare and file his complaint both in this case and in Civil No. 11-240-GPM.[1] Thomas's access to courts claim will be dismissed.

---

1. To the extent that Thomas complains that officials at Robinson have violated his right of access to courts by denying him access to a photocopier, "a prisoner's right of access to courts does not create a constitutional 'right to xerox,' that is, a right to unlimited free photocopies at state expense." *Hall v. Pautler*, Civil No. 10-766-GPM, 2011 WL 663553, at *3 (S.D. Ill. Feb. 12, 2011) (quoting *Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir. 1983)).

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Thomas's complaint fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED with prejudice**. Thomas is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: March 29, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge