# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYAN THOMAS, IDOC # R12763, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 11-211-GPM |
| GLADYSE TAYLOR, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Bryan Thomas, a prisoner of the Illinois Department of Corrections ("IDOC") who currently is on parole from IDOC custody, brings this action pro se pursuant to 42 U.S.C. § 1983 for an alleged denial of his right of access to the courts by officials at the Robinson Correctional Center ("Robinson"), where Thomas was imprisoned when this action was filed. Thomas's claim for denial of access to the courts originally was part of an action brought pro se pursuant to Section 1983 by Thomas and three other Robinson inmates, William Radcliffe, Alfonso Paka, and Ronald Kevorkian, in which Thomas, Radcliffe, Paka, and Kevorkin, all of whom are Muslim, alleged that IDOC officials were violating their religious freedom by refusing to serve them a kosher diet. On March 25, 2011, the Court severed Thomas's claim for denial of access to the courts from the claims of Thomas, Radcliffe, Paka, and Kevorkian for denial of religious freedom, and opened the latter claims as a separate case, *Thomas v. Taylor*, Civil No. 11-240-GPM (S.D. Ill. filed Mar. 25, 2011). On March 29, 2011, the Court dismissed this case pursuant to 28 U.S.C. § 1915A(b)(1) because Thomas failed to state a claim upon which relief may be granted for

denial of access to the courts; subsequently, Civil No. 11-240-GPM also was dismissed pursuant to 28 U.S.C. § 1915A. As a result of the dismissal of this case under Section 1915A, Thomas was assessed a "strike" pursuant to 28 U.S.C. § 1915(g). This case now is before the Court on Thomas's motion for reconsideration of the Court's judgment (Doc. 13) and Thomas's motion for leave to file an amended complaint (Doc. 15).

In the Seventh Circuit, after a judgment has been entered, a party must have the judgment reopened pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, then request leave to amend his or her pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *See Amendola v. Bayer*, 907 F.2d 760, 765 n.4 (7th Cir. 1990). Thomas's motion for reconsideration of the Court's judgment dismissing this case does not specify the procedural rule under which it is brought. However, in general a motion brought by a litigant within twenty-eight days of the entry of a judgment seeking reconsideration of matters decided on the merits, such as a manifest error of law or fact, is deemed to be a motion to alter or amend a judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008). As Thomas's motion for reconsideration was filed within twenty-eight days of entry of the Court's judgment in this case and appears to assert a manifest error of law or fact by the Court, the Court construes the motion as brought under Rule 59(e). A Rule 59(e) motion is proper where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A decision on a Rule 59(e) motion "is

denial of access to the courts; subsequently, Civil No. 11-240-GPM also was dismissed pursuant to 28 U.S.C. § 1915A. As a result of the dismissal of this case under Section 1915A, Thomas was assessed a "strike" pursuant to 28 U.S.C. § 1915(g). This case now is before the Court on Thomas's motion for reconsideration of the Court's judgment (Doc. 13) and Thomas's motion for leave to file an amended complaint (Doc. 15).

In the Seventh Circuit, after a judgment has been entered, a party must have the judgment reopened pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, then request leave to amend his or her pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *See Amendola v. Bayer*, 907 F.2d 760, 765 n.4 (7th Cir. 1990). Thomas's motion for reconsideration of the Court's judgment dismissing this case does not specify the procedural rule under which it is brought. However, in general a motion brought by a litigant within twenty-eight days of the entry of a judgment seeking reconsideration of matters decided on the merits, such as a manifest error of law or fact, is deemed to be a motion to alter or amend a judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008). As Thomas's motion for reconsideration was filed within twenty-eight days of entry of the Court's judgment in this case and appears to assert a manifest error of law or fact by the Court, the Court construes the motion as brought under Rule 59(e). A Rule 59(e) motion is proper where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A decision on a Rule 59(e) motion "is

entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). Further, motions for reconsideration of judgments are not favored, because true manifest errors of law and fact "rarely arise" and "the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

Defendants Gladyse Taylor, Randy Grounds, Dana Tylka, Pat Quinn, James Mutayoba, and Pamela King never filed an answer to Thomas's complaint for denial of access to the courts. However, the Court's entry of judgment for Defendants terminated Thomas's right under Rule 15 of the Federal Rules of Civil Procedure to "amend [his] pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). *See also Paganis v. Blonstein*, 3 F.3d 1067, 1072-73 (7th Cir. 1993) ("The right under Rule 15(a) to amend 'once as a matter of course' is lost after the entry of judgment."). With respect to post-judgment requests to amend a complaint, although before entry of judgment there is a presumption in favor of freely amending pleadings, "the presumption in favor of liberality in granting motions to amend . . . is reversed after judgment has been entered." *First Nat'l Bank of Louisville v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 933 F.2d 466, 468 (7th Cir. 1991). Said differently, although before judgment is entered leave to amend pleadings is to be freely given as justice requires, "justice may require something less in post-judgment situations than in pre-judgment situations." *Doe v. Howe Military Sch.*, 227 F.3d 981, 989 (7th Cir. 2000) (quoting *Twohy v. First Nat'l Bank of Chicago*, 758 F.2d 1185, 1196 (7th Cir. 1985)). The decision to grant or deny a post-judgment request to amend a complaint is committed, of course, to a court's discretion. *See Bank of Waunakee*, 906 F.2d

at 1192; *United States Labor Party v. Oremus*, 619 F.2d 683, 692 (7th Cir. 1980). A post-judgment request for leave to amend a complaint can be denied for any of the ordinary reasons leave to amend may be denied, including undue delay, bad faith, prejudice to the opponent, dilatory motive on the part of the moving party, or when amendment would be futile. *See Crestview Vill. Apartments v. HUD*, 383 F.3d 552, 558 (7th Cir. 2004) (post-judgment leave to amend may be denied where the proposed amendment would be futile); *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002) (citing *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001)) ("Under Rule 15, a court may deny [post-judgment] amendment due to undue delay, bad faith, dilatory motive, prejudice or futility.").

Concerning Thomas's Rule 59(e) motion, Thomas has failed to demonstrate a manifest error of law or fact in the Court's decision to sever Thomas's claim for denial of access to the courts from his religious freedom claim. In the context of lawsuits brought by prisoners against governmental actors, under Rule 18 of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Otherwise, prisoners easily could sidestep the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) (codified in various sections of 28 and 42 U.S.C.), in particular the PLRA's provisions regarding filing fees and its limitations on the ability of vexatious prisoner litigants to proceed in forma pauperis in federal court. *See id*. Rule 18 provides, in relevant part, that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under Rule 18, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against

Defendant 2." *George*, 507 F.3d at 607. Moreover, Rule 20 of the Federal Rules of Civil Procedure applies with as much force to cases brought by prisoners as it does to any other kind of case. *See id*. Under Rule 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Both of the requirements of Rule 20(a) must be satisfied in order to sustain party joinder under the rule. *See Intercon Reasearch Assocs., Ltd. v. Dresser Indus.*, 696 F.2d 53, 57 (7th Cir. 1982). Accordingly, "[a] buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George*, 507 F.3d at 607. The Court has broad discretion to determine when joinder is appropriate. *See Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994). A district court's discretion as to joinder allows it "to consider, in addition to the requirements of Rule 20, 'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'" *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (quoting *Desert Empire Bank v. Insurance Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)). *See also* 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1653 (3d ed. 1998 & Supp. 2011) (the discretion district courts have as to joinder "promote[s] judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20") (collecting cases).

As the Court discussed in its order dismissing this case, the person alleged by Thomas to have interfered with his right of access to the courts is a Mrs. Gunn, who is not alleged by Thomas to have interfered with his right of religious freedom or that of Radcliffe, Paka, and Kevorkian. Similarly, Thomas's claim for denial of access to the courts shares no questions of law or fact in common with his claim for denial of religious freedom by IDOC officials. Thus, it was entirely appropriate for the Court to sever Thomas's claim for denial of access to the courts from his claim for infringement of his religious freedom. Finally, as the Court explained in detail in its order dismissing this case, the right of access to the courts does not guarantee a prisoner unfettered access to a prison law library, which is what Thomas demanded in his complaint in this case. Therefore, it was proper for the Court to dismiss Thomas's claim for denial of access to the courts for failure to state a claim upon which relief may be granted. Thomas makes no effort to address any of these issues in his motion for reconsideration, and the motion will be denied. Because the Court has denied Thomas's request for Rule 59(e) relief, it need not address Thomas's request to file an amended complaint. *See Johnson v. Levy Org. Dev. Co.*, 789 F.2d 601, 611 n.8 (7th Cir. 1986) (until a plaintiff "file[s] a motion to vacate the judgment against him and ha[s] that judgment lifted, the court [does] not have to consider the merits of whether to allow [the plaintiff] to amend his complaint."). Concerning Thomas's proposed amended complaint, however, the Court will say that it addressed in detail Thomas's various arguments about how IDOC's refusal to permit him, as a Muslim, to have a kosher diet supposedly violates Thomas's religious freedom in the Court's order dismissing Civil No. 11-240-GPM, and interested readers may consult that order. *See Thomas v. Taylor*, Civil No. 11-240-GPM, 2011 WL 6141061 (S.D. Ill. Dec. 9, 2011). To the extent Thomas seems to believe that the soy protein contained in the vegetarian diet that IDOC makes available to

Muslim prisoners who do not wish to consume meat that has not been slaughtered in accordance with Muslim religious dietary principles is ipso fact poisonous to humans, the Court regards such claims as simply delusional.  The fact that soy protein is a staple of the diet of the world's large Asian population is sufficient, in itself, to give the lie to Thomas's claims.  In evaluating whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Also, a court is not required to "accept as 'having an arguable basis in fact' all allegations that cannot be rebutted by judicially noticeable facts." *Id*. (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  Correspondingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Id*. at 33. In sum, the facts alleged in Thomas's proposed amended complaint "are so nutty ('delusional' is the polite word) that they're unbelievable[.]"  *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002).  *See also Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (a complaint is frivolous if its allegations are "palpably incredible."); *Anderson v. Coughlin*, 700 F.2d 37, 43 (2d Cir. 1982) (a complaint is frivolous if its allegations are "beyond credulity").  As the Court already has pointed out to Thomas in its order dismissing Civil No. 11-240-GPM, if Thomas suffers from an allergy to soy, that is a matter for him to take up with a physician, not with the Court.  Simply put, Thomas's proposed amended complaint is a remarkable farrago of fraudulent legal arguments, lengthy quotations from Muslim religious books of some sort, and frankly absurd dietary ideas with no medical foundation.  The Court finds no error in its dismissal of this case, nor any reason to grant Thomas leave to file an amended complaint.

To conclude, Thomas's motion to alter or amend the Court's judgment dismissing this case for failure to state a claim upon which relief may be granted (Doc. 13) and Thomas's motion for leave to file an amended complaint (Doc. 15) are **DENIED**.

**IT IS SO ORDERED.**

DATED: January 24, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge